# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-60542
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 14, 2026

Lyle W. Cayce
Clerk

Angel Yeferson Reyes-Medina,

*Petitioner*,

*versus*

Todd Wallace Blanche, *Acting U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A212 917 149

————————————————————

Before Barksdale, Graves, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Proceeding *pro se*, Angel Yeferson Reyes-Medina, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) affirming the Immigration Judge's (IJ) denying his application for asylum, withholding of removal, and protection under the Convention

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60542

Against Torture (CAT). He also contends his due-process rights were violated.

Our court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). For Reyes' asylum claim based on persecution grounds, we "review the entirety of the [BIA]'s conclusions—both the underlying factual findings and the application of the [law] to those findings—for substantial evidence". *Urias-Orellana v. Bondi*, 146 S.Ct. 845, 851 (2026). Regarding his eligibility for withholding of removal and relief under CAT, the BIA's factual findings are reviewed for substantial evidence; its legal conclusions *de novo*. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under both standards of review, our court will not disturb the BIA's decision unless the evidence "*compel*[*s*]" a contrary conclusion. *Urias-Orellana*, 146 S.Ct. at 851 (citation omitted) (emphasis added); *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018). For the following reasons, Reyes fails to satisfy that standard.

Reyes contends the BIA erred in concluding he was ineligible for asylum and withholding of removal because he failed to establish the requisite nexus between the harms he suffered and a protected ground for relief. *See Cabrera v. Sessions*, 890 F.3d 153, 161 (5th Cir. 2018) (noting applicant for asylum or withholding of removal must show asserted protected ground "was or will be at least one central reason for persecuting the applicant" (citation omitted)). Substantial evidence supports the BIA's conclusion. *See Martinez Manzanares v. Barr*, 925 F.3d 222, 227 (5th Cir. 2019) ("Persecution motivated by a personal vendetta or desire for revenge is not persecution on account of a protected ground." (citation omitted)).

No. 25-60542

Reyes also contends the BIA erred in concluding he was not entitled to CAT protection because he failed to show, *inter alia*, government-acquiescence. As noted, he does not show the evidence *compels* a conclusion contrary to that of the BIA. *See Revencu*, 895 F.3d at 401; *see also Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019) (holding "[g]eneralized country evidence tells us little about the likelihood state actors will torture any particular person").

Finally, Reyes contends the BIA erred in dismissing his due-process claims grounded in the IJ's: denying his request for a continuance to obtain counsel; and failing *sua sponte* to conduct a competency inquiry. Due process claims are reviewed *de novo*. *De Zavala v. Ashcroft*, 385 F.3d 879, 883 (5th Cir. 2004). His contention fails because he does not show the requisite prejudice. *See Arteaga-Ramirez v. Barr*, 954 F.3d 812, 813 (5th Cir. 2020) (requiring "initial showing of substantial prejudice").

DENIED.